CREHORE, APPELLANT, v. REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Lease of Community Property.

No. 337.—Decided November 20, 1917.

POSSESSORY TITLE—SEPARATE PROPERTY—PRESUMPTION—COMMUNITY PROPERTY.— Several persons proved their right of possession as owners of certain rural property and recorded their right in the registry. Two of them were married and claimed to have taken title by inheritance. *Held:* That that statement alone made in possessory title proceedings was not sufficient to overcome the presumption that the property was community property by reason of its having been acquired during marriage.

LEASE—COMMUNITY PROPERTY—CONSENT.—When real property belonging to a conjugal partnership is leased for a period of seventeen years the consent of both partners is necessary.

The facts are stated in the opinion.

*Messrs. José Tous Soto* and *José C. Ramos* for the appellant.

The respondent appeared *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

On June 3, 1917, eleven joint owners of nine-twentieths of the plantation "Carmen," situated in Salinas, appeared by their attorney in fact before Notary José Tous Soto and leased their joint interests to Charles L. Crehore for a period of seventeen years. The deed of lease having been presented in the registry, the registrar refused to admit the same to record' as to the joint interests of two of the co-owners, to wit: Federico and Elena Antoni Antonetti, who originally recorded their title "by virtue of possessory title proceedings prosecuted in the municipal court of Salinas, both being married, because their respective spouses do not appear now to give the required consent." The decision of the registrar, dated August 20, 1917, embraces other questions, but only the one mentioned was made the subject of this appeal as set out in the document of August 23, 1917, interposing the same.

In support of his decision the registrar cites in his brief of September 16, 1917, the case of *Delgado* v. *Registrar*, 22

P. R. R. 117, and the appellant contends in his brief of October 9, 1917, that the jurisprudence relied on by the registrar is not applicable because, although it appears in the registry that Federico and Elena Antoni Antonetti were married when they recorded their rights, it also appears therein that they acquired the same by inheritance, and, therefore, the question is one of separate property and not of ganancial property.

It is shown by a certificate issued by the registrar that the said co-owners, who were married at the time, recorded their joint interests in the registry by virtue of possessory title proceedings initiated by a petition which alleged that they had acquired the said interests by title of inheritance. According to the law and the repeated jurisprudence of this court, such an averment in possessory title proceedings is not sufficient to destroy the presumption that property acquired by either of the spouses during uninterrupted wedlock is community property.

In the case of *Després* v. *Registrar of Property,* 14 P. R. R. 603, this court, by Mr. Chief Justice Quiñones, said:

"In accordance with section 1322 of the Civil Code in force, 'all the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife'; and as the declarations made by one of the spouses who did not take part in the proceedings to establish possession cannot be considered as conclusive proof of the title of acquisition of real property, until the effectiveness of such title be established in an authentic manner, the provisions of said section of the code must be adhered to and the property recorded by virtue of such proceeding must be considered as belonging to the conjugal partnership."

The same doctrine was laid down in the case of *Boscio et al.* v. *Registrar of Property,* 14 P. R. R. 605, and ratified in the Delgado case, *supra,* in which the court, by Mr. Justice Wolf, expressed itself as follows:

"The object of the proceeding (possessory title) is simply to

accredit the possessory title in the petitioner. The presumption that property acquired during marriage is common cannot be rebutted by a proceeding in which the wife plays no part and in which the avowed object is to accredit the possession. Such possession may be declared in one or the other of the conjugal partners, no matter whether the ownership is common or separate. The jurisdiction of the magistrate does not extend beyond the declaring of the title by possession. So far as the rights of the other partner are concerned, the action of a petitioner is *res inter alios acta* and can have no binding effect." *Delgado* v. *Registrar of Caguas*, 22 P. R. R. 117.

In view of all the foregoing it must be concluded that the registry does not show conclusively that the joint interests leased by Federico and Elena Antoni Antonetti belong to them separately. As the record was made the presumption remains that the said properties are common properties and this being the case, the registrar was justified in refusing to record the contract of lease for the term of seventeen years executed by them without the express consent of their respective spouses. See the last paragraph of section 159 of the Revised Civil Code and the decision of this court in *R. Fabián & Co.* v. *Registrar of San Juan*, 22 P. R. R. 744.

The decision of the registrar must be affirmed as to the part appealed from.

*Affirmed.*

Justices Wolf and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.